KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Daniel McReaken, | No. CV 09-327-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Plaintiff John Daniel McReaken, who is confined in the Arizona State Prison Complex-Yuma, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. The Court will order Defendants Schriro, Sterns, Franco, and Whittenberger to answer the Complaint and will dismiss the remaining Defendant without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

TERMPSREF

### III. Complaint

Plaintiff names former Arizona Department of Corrections (ADOC) Director Dora B. Schriro, Warden Jerry Sterns, Deputy Warden Franco, Unit Chaplain Whittenberger, and Senior Chaplain Webster as Defendants in the Complaint.

Plaintiff's sole ground for relief is that his Fourteenth Amendment rights are violated because his exercise of religion is frequently interrupted by detention officers and his religious group is required to hold its ceremonies in an open recreation yard. Plaintiff contends that an ADOC Department Order states that Native American sweat lodge ceremonies "shall not be interrupted except for legitimate security concerns" and Native American inmates are provided with dedicated land to perform their ceremonies. Plaintiff alleges that this policy discriminates against non-Native Americans and was set by Defendant Schriro. Plaintiff further claims Defendants Sterns and Franco failed to correct the discriminatory practice by issuing Institutional Orders to correct the discrepancy between how religious groups are treated. Plaintiff further contends that Defendant Whittenberger frequently sent security staff to interrupt non-Christian religious ceremonies, particularly the Multi-Faith group's ceremonies of which Plaintiff is a part. Finally, Plaintiff claims that Senior Chaplain Webster "fully supports and condones the actions of his subordinate chaplains, as it is in accordance with the current discriminatory policy." Plaintiff seeks injunctive relief and money damages.

### IV. Failure to State a Claim

There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Ashcroft v. Iqbal, __S. Ct. __, 2009 WL 1361536, *11 (2009). Further, a supervisor's mere knowledge of his

1  subordinates' discriminatory purpose does not amount to the supervisor violating the
2  Constitution. Id. at *12.

3      Plaintiff does not allege that Defendant Webster personally participated in the
4  deprivation of Plaintiff's constitutional rights or that Defendant Webster formed policies
5  resulting Plaintiff's injuries. The Court will therefore dismiss Defendant Webster, without
6  prejudice, from this action.

7  **V.    Claims for Which an Answer Will be Required**

8      Equal protection requires that "all persons similarly situated shall be treated alike"
9  Plyler v. Doe, 457 U.S. 202, 216 (1982);  Gilbrook v. City of Westminister, 177 F. 3d 839,
10  871 (9th Cir. 1999) (in order to state an equal protection claim, Petitioner must allege
11  "unequal treatment of people similarly situated"). To the extent that Plaintiff claims his right
12  to free exercise of religion is burdened by Defendants' policies regarding Native American
13  ceremonies, which do not apply other religious groups, Plaintiff's allegations adequately state
14  an equal protection claim. The Court will require Defendants Schriro, Sterns, Franco, and
15  Whittenberger to answer the Complaint.

16  **VI.   Warnings**

17      **A.    Address Changes**

18      Plaintiff must file and serve a notice of a change of address in accordance with Rule
19  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
20  relief with a notice of change of address. Failure to comply may result in dismissal of this
21  action.

22      **B.    Copies**

23      Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
24  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
25  stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
26  an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
27  may result in the filing being stricken without further notice to Plaintiff.
28  . . .

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendant Webster is **dismissed** without prejudice.

(2)     Defendants Schriro, Sterns, Franco, and Whittenberger must answer the Complaint.

(3)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Schriro, Sterns, Franco, and Whittenberger.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

1  Marshal must:

2      (a)  personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

4      (b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

13  (8)  **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

15  (9)  Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

18  (10)  Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

21  . . .
22  . . .
23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28  . . .

(11)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 22nd day of May, 2009.

_____
David G. Campbell
United States District Judge