**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Daniel McReaken, | No. CV 09-0327-PHX-DGC (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Plaintiff John Daniel McReaken brought this civil rights action under 42 U.S.C. § 1983 against officials with the Arizona Department of Corrections (ADC): former ADC Director Dora Schriro, Warden Jerry Sterns, and Deputy Warden James Franco (Doc. #1).[1] Before the Court is Defendants' Motion to Dismiss (Doc. #20), which is fully briefed (Doc. ##24-25). The Court will deny Defendants' motion.

**I.     Background**

Plaintiff's claim arose during his confinement at the Arizona State Prison Complex (ASPC)-Yuma, Cheyenne Unit in San Luis, Arizona (Doc. #1 at 1).[2] In his Complaint,

---

[1] Upon screening, the Court dismissed Senior Chaplain Webster as a Defendant (Doc. #3). Defendant Chaplain William Whittenberger was dismissed for failure to serve (Doc. #23).

[2] Plaintiff has since been transferred to the ASPC-Yuma, Dakota Unit in San Luis, Arizona (Doc. #13).

Plaintiff alleged that Defendants' "religious discrimination and favoritism" violated his Fourteenth Amendment rights (id. at 3). He claimed that under ADC policy, Native American inmates are provided dedicated land upon which to perform their religious ceremonies and these ceremonies may not be interrupted except for legitimate security concerns (id.). Plaintiff alleged that this policy discriminates against non-Native Americans because his religious group is required to hold its ceremonies in an open recreation yard with no privacy and his group's religious practice is frequently interrupted by detention officers (id.). Plaintiff averred that this difference in treatment is based on a policy established by Schriro and, although they have the power to do so, neither Sterns nor Franco made any effort to correct the discriminatory practice through the issuance of Institutional Orders (id.). Plaintiff also alleged that prison security staff has frequently been sent to interrupt non-Christian religious ceremonies, particularly the Multi-Faith group's ceremonies of which Plaintiff is a part (id.).

The Court screened the Complaint and determined that Plaintiff stated a claim under the Equal Protection Clause of the Fourteenth Amendment (Doc. #3). Defendants were ordered to respond to the Complaint (id.), and they filed a Motion to Dismiss (Doc. #20).

**II.    Motion to Dismiss**

    **A.    Defendants' Contentions**

Defendants moved for dismissal on the grounds that they are entitled to Eleventh Amendment immunity, they are entitled to qualified immunity, and Plaintiff failed to state a justiciable claim (Doc. #20).

Defendants asserted that because the Eleventh Amendment bars damages claims against officials acting in their official capacity, Plaintiff's claims for money damages against them in their official capacity must be dismissed (id. at 3-4). With respect to qualified immunity, Defendants maintained that inmates have no clearly established statutory or constitutional right to either a dedicated piece of land for religious ceremonies or to a policy prohibiting that ceremonies be interrupted only for legitimate security concerns (id. at 4). They therefore argued that there was no established law that their policy was unconstitutional

1  and that dismissal is appropriate (id. at 5).

Lastly, Defendants contended that Plaintiff failed to provide any specific allegations regarding when and how his ability to participate in a religious ceremony was impacted in any way (id. at 6). They argued that Plaintiff merely made a blanket assertion that interruptions have happened on numerous occasions, and they maintained that this is insufficient information for them to investigate the claims or even determine whether they may be time-barred (id.). Defendants concluded that, as a result, Plaintiff has not adequately stated a claim for prospective injunctive relief (id.).

With their motion, Defendants submitted a copy of Department Order 904, *Inmate Religious Activities/Marriage Requests* (id., Ex. 1).[3]

### B.   Plaintiff's Response

After Defendants' filed their Motion to Dismiss, the Court issued an Order notifying Plaintiff of his obligation to respond (Doc. #23). The Order erroneously informed Plaintiff that Defendants moved for dismissal for failure to exhaust prison administrative remedies as required under 42 U.S.C. § 1997e(a), and that his Complaint may be dismissed if he does not submit evidence to show that he exhausted all available remedies or that no remedies were available (id. at 1-2). In response, Plaintiff argued that he exhausted all prison administrative remedies and he attached copies of his grievance and appeals concerning an incident on August 15, 2007, in which staff interrupted his Multi-Faith religious ceremony to seize a store-purchased hair spray bottle (Doc. #24, Attachs.).

Plaintiff also responded to the arguments in Defendants' motion. Plaintiff argued that Eleventh Amendment immunity should be granted sparingly and is not applicable here because violating equal protection rights is contrary to both state and federal law and each

---

[3]When ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988, as amended by 275 F.3d 1187 (9th Cir. 2001). Courts may, however, consider documents attached to the complaint or incorporated by reference in the complaint. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff's Complaint specifically referenced Department Order 904 and quoted provisions within the policy (Doc. #1 at 3).

1 Defendant signed an oath to uphold the Constitution (id. at 3-4). As to qualified immunity, Plaintiff contended that there does not have to be a case with materially similar facts to put Defendants on notice that their conduct was unconstitutional; rather, they need only have fair warning (id. at 5). And Plaintiff asserted that his grievances provided Defendants fair warning that their policy is unlawful, yet they chose to ignore those warnings (id. at 5).

Plaintiff argued that his injury-in-fact, which establishes his standing, is the clear disparity in ADC's policy for Native American religious ceremonies compared to all other faith groups (id.). Plaintiff explained that Schriro's liability arose when she approved and implemented the policy and Sternes' and Franco's liability stems from their decision not to issue an Institutional Order to remedy the injury-in-fact caused by the policy (id. at 6-7).

### C. Defendants' Reply

In reply to Plaintiff's grievance documents, which described an August 2007 incident, Defendants submitted that if that event is the basis for his Complaint, he should be permitted to amend his pleading (id. at 25 at 1-2). Defendants otherwise contended that Plaintiff's arguments appear to turn on the possibility that future religious ceremonies could be interrupted and therefore do not present a controversy that is ripe for adjudication (id. at 2). Defendants reasserted that they are entitled to Eleventh Amendment immunity for any claim against them in their official capacity (id.). And in response to Plaintiff's arguments regarding qualified immunity, Defendants noted that the basis for qualified immunity is whether Defendants' knew that their actions violated the law when they acted; grievances that put them on notice of unconstitutional behavior only served to notify them after the fact, which does not affect qualified immunity (id. at 2-3).

### III. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare System LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting

1 | Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1950 (2009). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts pled allow the court to make the reasonable inference that the defendant is liable. Iqbal, 129 S. Ct. at 1949. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation omitted).

In determining whether a complaint states a claim under this standard, the allegations in the complaint must be construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). Pro se pleadings, "however inartfully pleaded," must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996). The rule of liberal construction of pleadings is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond. The standard for dismissal under Rule 12(b)(6) ("failure to state a claim upon which relief can be granted") is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted"). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that reconsideration is appropriate.

1  **IV. Analysis**

2      **A. Justiciable Claim**

3      Defendants argue that Plaintiff's allegations do not allege a specific, concrete injury traceable to Defendants' actions or policy and that the allegations are too general to entitle Plaintiff to relief (Doc. #20 at 5-6). The Court finds this argument unpersuasive. Plaintiff has alleged sufficient allegations of actual injury to confer standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Further, his allegations plead enough facts to state a plausible claim and give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555, 570 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"); see also Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (courts use "less stringent standards" to assess whether a pro se inmate's complaint places prison officials on notice of the nature of his claims).

    Plaintiff alleges that Department Order 904 is discriminatory and that Defendants failed to correct the policy (Doc. #1 at 3). He alleges that his religious groups' ceremonies have been interrupted while, pursuant to this policy, other religious groups—namely, Native American and Christian groups—are not interrupted (id.). Thus, he claims that his religious group is treated differently than other religious groups under the ADC policy. In some cases, discriminatory intent may be inferred by the mere fact of differences in treatment. See Int'l Broth. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977). And alleged discriminatory treatment on the basis of religion is sufficient to constitute an actual injury. See Armstrong v. Davis, 275 F.3d 849, 867 (9th Cir. 2001) (finding actual injury where the plaintiffs alleged that the defendant's policy resulted in a denial of their rights under a federal statute). Thus, Plaintiff states a claim for violation of his equal protection rights.

    The Court notes that the Complaint's factual allegations may be refined in Plaintiff's subsequent filings. See Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008); see also Erickson, 551 U.S. at 94 (noting that the pro se litigant "bolstered his claim by making more specific allegations . . . in later filings"). To the extent Defendants seek more information

underlying Plaintiff's claim, they may serve discovery.

### B. Qualified Immunity

A defendant is entitled to qualified immunity if his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Court notes that, at this stage, a motion to dismiss on qualified immunity grounds puts the Court in the difficult position of deciding "far-reaching constitutional questions on a non-existent factual record." Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004). Although government officials have the right to raise qualified immunity on a motion to dismiss, it is not necessarily advisable in every case. Id. Here, Defendants' qualified immunity argument is insufficient.

The qualified immunity analysis originally involved two inquiries: whether the facts alleged or shown by the plaintiff establish a constitutional violation and whether the right at issue was clearly established at the time. Saucier v. Katz, 533 U.S. 194, 201 (2001). The Supreme Court recently held that courts have discretion in deciding which prong to address first and, depending on the circumstances, may bypass the first inquiry and proceed directly to the qualified immunity question. Pearson v. Callahan, 129 S. Ct. 808, 818-19 (2009).

Defendants' argument rests solely on the qualified immunity question. They maintain that there is no clearly established law "requiring specific policy language with respect to the particular facilities that must be made available or limitations on interruptions of religious services" (Doc. #20 at 5). But Plaintiff's claim is that Defendants discriminated against him in violation of the Equal Protection Clause. And there is clearly established law that protects prisoners from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Although prisons need not provide identical facilities to different faiths, they must make "good faith accommodations of the [prisoners'] rights in light of practical considerations." Allen v. Toombs, 827 F.2d 563, 569 (9th Cir. 1987) (citation omitted). As mentioned above, discriminatory intent may be inferred by the mere fact of differences in treatment, which Plaintiff alleges. See Teamsters, 431 U.S. at 335

n. 15. In light of this case law and Plaintiff's allegations, Defendants are not entitled to qualified immunity at the motion-to-dismiss stage.

### C. Eleventh Amendment Immunity

Defendants' Eleventh Amendment argument is also lacking. The Eleventh Amendment bars a prisoner's § 1983 claims for money damages against state actors sued in their official capacities. Will v. Michigan, 491 U.S. 58, 66 (1989). It does not, however, bar actions against state actors in their official capacity if the plaintiff seeks declaratory or prospective injunctive relief. Douglas v. Cal. Dep't of Youth Authority, 271 F.3d 812, 817-818 (9th Cir. 2001); Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982). Nor does it bar damages actions against state officials in their individual capacity. Hafer v. Melo, 502 U.S. 21, 31 (1991); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir. 1997).

In their motion, Defendants do not point to any of Plaintiff's claims to argue that they are barred by the Eleventh Amendment (see Doc. #20 at 3-4). Rather, their argument amounts to a general assertion that *if* any claims are barred by the Eleventh Amendment, they must be dismissed. But in his Complaint, Plaintiff seeks both injunctive relief and punitive damages (Doc. #1 at 6). Thus, to the extent that he sues Defendants in their official capacity for injunctive relief and in their individual capacity for damages, the Eleventh Amendment provides no basis for dismissal.

In sum, Defendants fail to convince the Court that reconsideration of its Screening Order is appropriate. The Motion to Dismiss does not present any grounds warranting dismissal of Plaintiff's Complaint; therefore, the motion will be denied.

**IT IS ORDERED:**

(1) The reference is **withdrawn** as to Defendants' Motion to Dismiss (Doc. #20).

(2) Defendants' Motion to Dismiss (Doc. #20) is **denied**.

DATED this 4th day of May, 2010.

_____
David G. Campbell
United States District Judge